S. E. BOYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12479, 12480, 12481. Promulgated December 19, 1947.

*Edward V. Dunklee, Esq.*, for the petitioner.
*Harlow B. King, Esq.*, for the respondent.

OPINION.

TYSON, *Judge*: Because petitioner was compelled to make his "withdrawals overseas" at the "controlled" rates of exchange instead of being allowed to make those withdrawals at the "free" rates of exchange obtaining in England and France, as the case might be, he claims that he has sustained losses at a rate represented by the difference between those rates of exchange—the free rates requiring lesser amounts in United States currency to purchase British or French currency than did the controlled rates.

Throughout his service in England, and by reason of the controlled

rate of exchange between British currency and that of the United States, petitioner was paid by the United States one British pound for every $4.035 in United States currency which he would have been paid had he been stationed in the United States or in any other country, if there were such, where no rate of exchange as to United States currency obtained.

Throughout his service in France and by reason of the controlled rate of exchange between the currency of that country and that of the United States, petitioner was paid by the United States Government one franc for every $0.02 in United States currency which he would have been paid had he been stationed in the United States or in any other country, if there were such, where no rate of exchange as to United States currency obtained.

There has been no suggestion by petitioner that payments to him in British pounds and in French francs at the respective controlled rates of exchange were beyond the right of the United States to make. His contention is merely that, the United States having so made such payments, a statutory loss was occasioned him, apparently basing his contention solely upon the application of section 23 (e) (3) of the Internal Revenue Code.[1]

In view of the recited facts, we conclude that the respondent did not err in failing to allow deductions of the losses claimed. The mere fact that petitioner was paid for his services in part in foreign currency does not mean that he sustained statutory losses. It is not a transaction which in itself gives rise to such a loss.

The real problem in such a case as this, it seems to us, is one of gross income rather than of deductions from gross income. The principle is established that, where one has received a part of his income in foreign currency, it must be reported for taxation in terms of United States money. *Frank W. Ross,* 44 B. T. A. 1, 18. Thus, the question is what measure is to be used to express the foreign currency in terms of United States dollars.

In his returns the petitioner used the official or controlled rates of exchange to report, in dollars, that part of his compensation which he actually received in British pounds and French francs, and on this record we are unable to say that he erred in so doing. The petitioner has not proved that he could realize no more than $2.75 for each pound he received and no more than $0.0085 for each franc he received. On

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\* \* \* \* \* \*

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.

the contrary, the evidence would indicate that upon leaving Britain he could redeem or exchange his pounds at the full official rate of $4.035, and upon leaving France he could exchange his francs at the official rate of $0.02. Therefore, regardless of whether the "official" rate of exchange must in every case be used to express in dollars the amount of taxable income received in a foreign currency (see Mim. 5297, 1942–1 C. B. 84), the respondent should in this case be sustained.

*Decisions will be entered for the respondent.*